## 10775

### STATE v. WILLIAMS

(110 S. E. 79)

HOMICIDE—EVIDENCE THAT PNEUMONIA WAS POSSIBLE RESULT OF WOUND SUFFICIENT TO SEND CASE TO THE JURY.—In a prosecution for homicide, where it was shown that deceased on July 26 received a gunshot wound from which he apparently was recovering when he contracted pneumonia, dying September 12, testimony of physicians that he died of pneumonia superinduced by a gunshot wound such as received made the issue whether the disease of which he died was produced by the wound one·for the jury.

Before McIVER, J., Abbeville, September, 1921. Affirmed.

Hamp Williams indicted for the killing of Ben Patton and upon conviction of manslaughter appeals.

*Mr. J. Howard Moore,* for appellant, cites: *State must prove corpus delicti:* 85 S. C. 265.

*Mr. H. S. Blackwell,* Solicitor, for respondent.

December 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from a conviction of manslaughter. The error assigned is the refusal of defendant's motion for a directed verdict in his favor.

It appears that the defendant shot the deceased with a pistol, the bullet puncturing the lower bowels, arteries, and hip, on July 26, 1920. The wounded man was taken to the Anderson Hospital, and was treated for two weeks, at which time he was discharged as apparently on the way to recovery. He returned to his home near Donalds, contracted pneumonia, and died on September 12, 1920. The physician who examined and attended him testified that he died of septic pneumonia superinduced by a gunshot wound which was possible, if not a probable, result of a wound such as he received. It is true that they testified that they could not swear that the wound caused the septic pneumonia, but this is not unusual or unnatural. The issue was squarely submitted to the jury as to whether or not the disease of which he died was produced by the wound. There was sufficient evidence upon this point for that disposition of the case. The motion to direct a verdict was therefore properly overruled.

The judgment of this Court is that the judgment appealed from be affirmed.